IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LEONA A. NELSON,                )
                                )
        Plaintiff-Appellant,    )
                                )
    v.                          )   No.  09 C 3376
                                )
EUGENE CRANE, etc.,             )
                                )
        Defendant-Appellee.     )

## MEMORANDUM OPINION AND ORDER

Leona Nelson ("Nelson") has filed a pro se appeal from the decision of Bankruptcy Judge Jacqueline Cox, rendered in adversary proceeding 07 A 652 that had been brought by Trustee in Bankruptcy Eugene Crane against Nelson and her co-filing debtor husband Zoltan Enyedi ("Enyedi") in their Bankruptcy Case No. 06 B 8771.  That adversary proceeding eventuated in Judge Cox's revocation of Nelson's discharge in bankruptcy.  Based on this Court's review of (1) Nelson's original submission in this appeal, (2) Trustee Crane's statement of issues in response and (3) Nelson's just-filed August 27 "Statement of Issues in Response to Appellee's Statement of Issue," this Court affirms Judge Cox's decision.

What the record reveals is that (as she has admitted) Nelson had no fewer than eight different personal injury or workers' compensation matters that were pending or had recently been closed at the time of the bankruptcy filing, yet were not listed and scheduled as the law requires.  Although Nelson now seeks to

excuse those omissions, none of her claimed excuses undercuts Judge Cox's hereafter-described analysis of the matter. Because of Nelson's nondisclosure of all those matters, plus her failure to apprise Trustee Crane of any of them, Judge Cox held that Nelson intended to commit fraud in violation of 11 U.S.C. §727(a)(4).[1] In doing so, Judge Cox rejected Nelson's attempt to place the blame for her false statements regarding those matters on her bankruptcy lawyers and on Enyedi, her estranged husband--indeed, instead of accepting responsibility for her own misconduct, Nelson actually sought to fault Trustee Crane for his assertedly having failed to correct her lawyers' purported misdeeds.

After conducting a full evidentiary hearing on March 18, 2009, Judge Cox took the matter under advisement. On April 24 she issued her written order that in part denied Trustee Crane's effort to revoke Enyedi's discharge but that, after a detailed review of the undisclosed matters, found "that the Trustee met his burden of proof as to Nelson and hereby revokes her discharge for making a false oath." In the course of doing so, Judge Cox stated in part:

> The circumstances involving Nelson are different. She has too many claims to be believed that she did not intend to conceal them or that she did not realize that she had to disclose them. Those claims became assets

---

[1] All further references to Title 11's provisions will simply take the form "Section--."

> of the estate at the filing of the bankruptcy petition.
> Her failure to disclose them could not have been
> inadvertent or unintentional. She generally claims to
> have been depressed and dyslexic at the time of the
> bankruptcy filing, however, no evidence of such was
> presented at trial.

Then, after further analysis, Judge Cox concluded:

> Bankruptcy Rule 4005 provides that at the trial on a
> complaint objecting to discharge, the plaintiff has the
> burden of proving the objection. The level of the
> burden is by a preponderance of the evidence. <u>Ratner</u>,
> 132 B.R. at 731. The Trustee has met his burden as to
> Nelson; he proved by a preponderance of the evidence
> that she knowingly and fraudulently made a false oath
> when she omitted the several claims and causes of
> actions that she knew of before filing for relief under
> the Bankruptcy Code.

In what was then a matter of first impression in this Circuit, <u>Peterson v. Scott (In re Scott)</u>, 172 F.3d 959 (7th Cir. 1999) held "that the trustee must establish grounds for denial of discharge under Section 727(a) by a preponderance of the evidence" (<u>id</u>. at 966-67), a conclusion previously reached by at least four other Courts of Appeal as well as bankruptcy courts in this Circuit. <u>Scott</u>, <u>id</u>. at 966 also reconfirmed our Court of Appeals' earlier ruling that "we review findings of fact entered by the bankruptcy court only for clear error"--the same standard that this Court employs in its review of Judge Cox's findings.

It is an understatement to say that Judge Cox's findings were not clearly erroneous, and this Court holds that they were not. And as for the standard of proof, those findings were based on grounds that not only satisfied a preponderance of the

3

evidence test but would have cleared a far more demanding hurdle if the law had required it.  Hence Judge Cox's findings of Nelson's fraudulent intent are upheld, and her ruling revoking Nelson's discharge in bankruptcy is affirmed.

_____
Milton I. Shadur
Senior United States District Judge

Date:  August 28, 2009